IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dontest Jabar Gerald, | ) C/A No.: 1:14-288-JFA-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| James C. Galmore, Public Defender of Horry County, in his official capacity, | ) |
| Defendant. | ) |

Dontest Jabar Gerald, proceeding pro se and in forma pauperis, brings this action alleging that his assigned Public Defender, James C. Galmore ("Defendant"), has provided ineffective assistance of counsel. [Entry #1 at 4–5]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that he was transferred to United States Penitentiary-Lee ("USP-Lee") in Jonesville, Virginia, on January 27, 2013. [Entry #1 at 3]. He claims that he requested USP-Lee officers to initiate the Interstate Agreement on Detainers Act ("IADA") process for outstanding warrants in Horry County, South Carolina. *Id.* According to the complaint, on March 12, 2013, nine days prior to Plaintiff's release

1

from federal prison, he signed paperwork necessary to begin the extradition process, and was ultimately extradited to the J. Reuben Long Detention Center in Horry County, South Carolina, on March 21, 2013. *Id.* at 3–4. Plaintiff alleges that he mailed a "Motion to Dismiss for Failure to Make a Final Disposition Pursuant to I.A.D. §2, Articles III(a) and V(c)" to Defendant on July 13, 2013. *Id.* at 4. However, Plaintiff claims that Defendant replied by letter that he would not file the motion because it was premature. *Id.* at 4; *see also* Entry #1-1 at 7. Plaintiff indicates that he expressed his disapproval of Defendant's decision to "hold the motion until it is ripe for filing." [Entry #1 at 4; Entry #1-1 at 8–9].

In November 2013, Plaintiff alleges he received a letter from Defendant stating that the IADA "does not apply to Plaintiff's case since Plaintiff's [extradition] request was 'pending' during the time of Plaintiff's release from USP-Lee." [Entry #1 at 4; Entry #1-1 at 10]. Plaintiff alleges he made multiple requests for Defendant "to disclose applicable federal law to Plaintiff" and that "Defendant has failed to do so." [Entry #1 at 5]. Plaintiff claims that he mailed a letter in December 2013 to Defendant's supervisor seeking assistance, but the situation has not been resolved. *Id.*; *see also* Entry #1-1 at 11–13. Plaintiff seeks a "declaratory judgment determining whether the [IADA] speedy trial time limits are applicable to Plaintiff's" pending state criminal proceedings. [Entry #1 at 6].

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Liberally construed, Plaintiff appears to allege a violation of his constitutional rights by Defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.     Defendant is not a "state actor" for purposes of § 1983

An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel.  *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).  In the instant action, Plaintiff alleges that Defendant has failed to render effective legal representation and has failed to provide Plaintiff information to demonstrate that the IADA "speedy trial provisions [do] not apply to Plaintiff's case."  [Entry #1 at 4–5].  As Defendant's representation of Plaintiff in criminal proceedings is not considered "state action" under § 1983, Defendant is entitled to summary dismissal from this case.

### 2.     Negligence claims

Plaintiff's allegations may also be liberally construed as a claim of legal malpractice.  However, the law is well-settled that a claim of negligence is not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct).  In absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this court.  *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp.

784, 788–91 (D.S.C. 1992). Plaintiff has not made any allegations that the court has diversity jurisdiction over this case, and it appears from the face of the complaint that Plaintiff and Defendant are both residents of South Carolina. As a result, there is no basis on which this court could exercise its diversity jurisdiction in order to consider Plaintiff's legal malpractice claim against Defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side.) Thus, to the extent Plaintiff alleges Defendant has acted negligently, such claims are also subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 25, 2014                                   Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).